Benjamin Brenner, J.
Motion by the defendant City of New York for change of venue of an action brought by sanitation workers to recover unpaid wages for work performed to make up certain noonday meal allowance time.
The action against the city is, of course, triable in the county wherein the cause arose (CPLR 504, subd. 3; 511). The city contends that the cause arose in New York County because it was there that the City Comptroller has an office and where he determined that plaintiffs are not entitled to such made-up mealtime, a determination made by him pursuant to section 220 of the Labor Law.
Plaintiffs, on the other hand, claim that their cause arose in each of the several counties, including Kings County, where they were severally employed and where they earned the unpaid wages, claiming further that the action lies not on the basis of section 220 of the Labor Law but rather on the basis of section 162 of the Labor Law which mandates the lunch period.
The cases cited by the city (Timmerman v. Board of Educ., 272 App. Div. 1075; Matter of Kiernan, 114 N. Y. S. 2d 445) are not determinative here as they involve suits in which the rate of wages are at issue and not where, as here, the wages them *714 selves are sought. Its contention that it was the Comptroller’s determination which gave rise to plaintiffs’ suit is, in effect, a contention that an authorized city officials’ finding that wages are not payable gives rise to the very claim for wages. This argument is altogether unacceptable. The plaintiffs, who work in Kings County, earned their wages in that county and not in the county wherein the city official has his office and where he decides whether they are wages in fact. I hold, therefore, that plaintiffs’ causes arose in the county where the services were rendered, namely, Kings County, and not where the determination was made that the services are not compensable.
The motion is accordingly denied.